Frank Martin ELLIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–01–260–CR.

Court of Appeals of Texas,
Waco.

Aug. 28, 2002.

Rehearing Overruled Oct. 23, 2002.

Sebastian Lanz, Pasadena, for appellant.

Charles A. Rosenthal, Jr., Harris County Dist. Atty., Donald W. Rogers, Jr., Andrea Kolski, Harris County Asst. Dist. Attys., Houston, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

A jury convicted Frank Martin Ellis of driving while intoxicated, and the court sentenced him to 180 days in jail; imposition of sentence was suspended, and the court placed Ellis on community supervision for eighteen months. Ellis's two issues on appeal are that the arresting officer should not have been allowed to testify about administering the Horizontal Gaze Nystagmus ("HGN") test to Ellis because (1) the officer did not properly administer the test, and (2) he was not certified to conduct the test and therefore was not qualified as an expert on HGN testing. We will affirm the judgment.

■ The Court of Criminal Appeals addressed the HGN test in *Emerson v. State*, 880 S.W.2d 759 (Tex.Crim.App.1994). The Court, citing *Kelly v. State*, said that to be considered reliable, evidence based on a scientific theory must satisfy three crite-

ria: (1) the underlying scientific theory must be valid; (2) the technique applying the theory must be valid; and (3) the technique must have been applied properly on the occasion in question. *Id.* at 763 (citing *Kelly v. State*, 824 S.W.2d 568, 573 (Tex.Crim.App.1992)). The Court held that the HGN test is based on scientific theory and is therefore subject to a *Kelly* analysis for reliability. *Id.* at 763–64. The Court took judicial notice, based in large part on scientific literature concerning the effects of alcohol on human eye movement, that the technique employed in the HGN test, and the theory behind the test, are reliable for the purposes of Rule 702.[1] *Emerson*, 880 S.W.2d at 768–69; Tex.R. Evid. 702. Accordingly, the results from its administration may, under specific circumstances, be admitted at trial. The circumstances are:

1. The testifying officer must qualify as an expert regarding the test's "administration and technique," which may be satisfied if it is shown that the officer "has received practitioner certification by the State of Texas to administer the HGN." *Emerson*, 880 S.W.2d at 769.

2. The officer must have administered the test properly. *Id.* at 763.

3. The results must not be inadmissible for some other reason, *i.e.*, there is a danger of unfair prejudice, confusion of the issues, undue delay, misleading the jury, or presentation of cumulative evidence. *Id.*; Tex.R. Evid. 403.

Ellis complains about "1" and "2."

### Standard of Review

■ "Abuse of discretion" is the standard by which we review a trial court's

---

1. The Court was unable to conclude, however, that the test was sufficiently reliable as an indicator of a precise blood-alcohol content. *Emerson*, 880 S.W.2d at 769; *Smith v. State*,

65 S.W.3d 332, 345 (Tex.App.-Waco 2001, no pet. h.). Consequently, the officer may not testify that the results from the test equate to a specific blood-alcohol content. *Id.* at 769.

determination of the qualification of a witness as an expert. *Wyatt v. State,* 23 S.W.3d 18, 27 (Tex.Crim.App.2000). An abuse of discretion occurs "when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State,* 842 S.W.2d 667, 682 (Tex.Crim.App. 1992); *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App.1990) (op. on reh'g).

### Officer Certification

■ The issue is whether the officer was "certified" and therefore his testimony meets the *Emerson* requirement. In *Smith v. State,* we held that *Emerson* does not require that the certification be issued by the State. *Smith v. State,* 65 S.W.3d 332, 344 (Tex.App.-Waco 2001, no pet. h.). If it is shown that the officer has extensive training in administering the HGN test, has been certified through a training course specifically including the administration of the HGN test, and has extensive experience in administering the HGN test, the trial court does not abuse its discretion in allowing the officer to testify as an expert on the administration and technique of the test. *Id.* (citing *Kerr v. State,* 921 S.W.2d 498, 502 (Tex.App.-Fort Worth 1996, no pet.)).

The court conducted a hearing just prior to trial. The officer testified that he completed a forty-hour course in 1994 taught by an instructor with the Texas Department of Public Safety "under the National Highway Traffic and Safety DWI Detection Manual." The course included twenty hours on how to administer the HGN test. He assumed he had been "certified," although he never completed thirty "test" cases he was supposed to perform after the course. In 2000, the officer took another course which included sixteen to twenty-four hours on the HGN test. In the past seven years, he had administered the test over fifty times. (The officer also testified he was a certified intoxilyzer-machine operator.)

However, when asked by defense counsel "you were not certified; is that correct?", he responded "No. I found that out, sir, correct." The prosecutor said to the court: "Judge, he can still be trained if he is not certified." The court's response was that it believed *Emerson* to hold that while certification automatically qualifies an officer, absence of certification does not disqualify the officer if he has sufficient training and experience in administering the test.

In spite of the training and experience the officer had in administering the test, in the face of an admission by both the officer and the prosecutor that he was not certified, and our holding in *Smith* that, under *Emerson,* the officer must be certified, the trial court abused its discretion in allowing the officer to testify about the test. *Smith,* 65 S.W.3d at 344.

### Administration of the HGN Test

The State concedes that the officer made several procedural errors in administering the HGN test. He improperly combined two separate parts of the test; he had Ellis facing the lights on the patrol car when conducting the test; and he failed to inquire if Ellis had conditions which might create a "false positive" result, such as vision problems or medical conditions. These errors could invalidate the procedure. The court found that these errors went to the weight of the evidence, not to its admissibility. But because we have determined that the officer was not qualified to testify at all about the HGN test, how he administered it is immaterial. Therefore, we do not decide this issue.

### Harm Analysis

■ We must now determine if the court's error in admitting the testimony about the HGN test was harmful, requiring a reversal for a new trial. For a reversal, evidentiary errors must affect substantial rights. Tex.R. Evid. 103; Tex. R.App. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)). We will not reverse if, "after examining the record as [a] whole, [we have] fair assurance that the error did not influence the jury, or had but a slight effect." *Schutz v. State*, 63 S.W.3d 442, 444 (Tex.Crim.App.2001); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim.App. 1998) (citing *Hudson v. State*, 675 S.W.2d 507, 511 (Tex.Crim.App.1984)).

The evidence shows:
- Ellis had a strong odor of an alcoholic beverage on his breath.
- His speech was slow and slurred.
- He staggered and lost his balance when he exited his car.
- Cool beer was found inside the car he was driving when the officer pulled him over.
- He admitted he had been drinking.
- He did not follow instructions on the one-leg stand and head-tilt tests.
- He refused to give a breath sample.
- A video taken at the scene allowed the jury to observe Ellis's actions and condition.

We find any error in admitting the officer's testimony about the HGN test to be harmless, because it could have had but a slight effect on the verdict. *Schutz*, 63 S.W.3d at 444.

### Conclusion

Although the court erred in admitting a non-certified officer's testimony about an HGN test, we find the error harmless and affirm the judgment.