COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-056-CR
 
 
GENE LYNN SMOTHERS                                                         APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        Gene 
Lynn Smothers appeals from his conviction for driving while intoxicated and his 
sentence of two years’ probation.  In two points, he complains that the 
trial court erred by admitting evidence of the horizontal gaze nystagmus test 
and by admitting evidence of retrograde extrapolation in violation of Mata v. 
State, 46 S.W.3d 902 (Tex. Crim. App. 2001).  We affirm.
Facts
        Around 
noon on October 24, 2001, appellant rear-ended Sarah Mills’s vehicle.  
Police arrived at the scene to investigate the accident and to perform sobriety 
tests.  According to the officer, appellant failed the horizontal gaze 
nystagmus test (HGN), the one-leg stand test, and the walk and turn test. Police 
discovered a glass tumbler in appellant’s car full of brown liquid that 
smelled of alcohol.  At the scene, the police videotaped the sobriety tests 
and the trial court admitted the tape at trial.
        After 
the police arrested appellant, they transported him to the police station where 
he took two breath tests.  The breath test results were 0.129 at 2:19 p.m. 
and 0.123 at 2:22 p.m.  The accident occurred at 12:43 p.m. and the police 
administered the intoxilyzer results approximately one hour and forty-five 
minutes after the accident.  The trial court admitted the breath test 
results at trial.
        Michelle 
O’Neal, the State’s intoxilyzer expert, testified that it was her expert 
opinion that appellant was legally intoxicated when he drove.  Apparently, 
she made a calculation error at one point during her testimony, which forms the 
basis of one of appellant’s complaints on appeal.
Horizontal Gaze Nystagmus Test Evidence
        In 
his first point, appellant complains that the trial court erred by admitting 
evidence of the HGN test[1] because Officer Edward 
Lynn, who administered the test, admitted that he failed to follow the National 
Highway Traffic Safety Administration (NHTSA) standards.  At trial, Officer 
Lynn admitted that he did not administer the HGN test by the book, but based 
upon his personal observations the results were consistent with his 
determination that appellant was intoxicated.
        We 
review a trial court's ruling to admit or exclude evidence under an abuse of 
discretion standard.  Rankin v. State, 974 S.W.2d 707, 718 ( Tex. 
Crim. App. 1998) (op. on reh'g); Montgomery v. State, 810 S.W.2d 372, 391 
(Tex. Crim. App. 1991) (op. on reh'g).  If the court's decision falls 
outside the “zone of reasonable disagreement,” it has abused its discretion.  
Rankin, 974 S.W.2d at 718; Montgomery, 810 S.W.2d at 391.
        The 
Texas Court of Criminal Appeals first discussed the HGN test and approved it for 
admission into evidence in Emerson v. State, 880 S.W.2d 759, 768 (Tex. 
Crim. App. 1994).  In that case, the court concluded that the theory 
underlying the HGN test and the technique employed in administering it were both 
sufficiently reliable to allow the test to be admissible under evidence rule 
702.  Id.; see also Tex. R. 
Evid. 702.  In each individual case, however, the State still must 
show by expert testimony that the test was properly administered.  See 
id. at 769.  Accordingly, the results from the administration of the 
HGN test may be admitted at trial under the following circumstances: (1) the 
testifying officer qualifies as an expert witness regarding the test's 
administration and technique; (2) the officer administers the test properly; and 
(3) the results are not inadmissible for some other reason.  Ellis v. 
State, 86 S.W.3d 759, 760 (Tex. App.—Waco 2002, pet. ref’d) (citing Emerson, 
880 S.W.2d at 763, 769).
        Appellant 
argues that the HGN results should not have been admitted by the trial court 
because Officer Lynn failed to complete the minimum number of fourteen passes 
across appellant’s eyes, as required by NHTSA.  The State contends that 
the testimony was properly admitted because slight deviation from the guidelines 
in administering the test goes to the credibility of the test, not its 
admissibility.[2]   Alternatively, the State 
argues that any error in admitting evidence on the results of the HGN test was 
harmless.
        Officer 
Lynn testified that he was called to the scene of appellant’s accident on 
October 24, 2001 to administer sobriety tests.  The original responding 
officer, Officer Lee Rice, needed Officer Lynn’s assistance because Officer 
Rice was driving a motorcycle that could not transport a suspect and had no 
camera on board.
        Pre-trial, 
Officer Lynn testified that HGN test results would be invalid if the test 
administrator failed to administer the test in compliance with the NHTSA 
standards.  He stated that he was not sure if he administered appellant’s 
test in compliance with those standards.  Appellant objected to Officer 
Lynn’s HGN testimony because he admitted he did not follow protocol when 
administering the HGN test on appellant because he failed to make the minimum 
number of passes across appellant’s eyes.  The trial court overruled 
appellant’s objection and stated that the jury would be allowed to hear the 
results and weigh the evidence in light of the fact that the test may not have 
been administered properly.
        During 
trial, Officer Lynn testified that he was certified to administer the HGN test.[3]  When Officer Lynn was dispatched to the scene of 
appellant’s car accident, he asked appellant whether he had any injuries or 
impairments that might prevent him from completing the sobriety tests.  
Appellant told Officer Lynn that he had one leg that was shorter than the other 
and wore glasses, but otherwise had nothing wrong with him.  Officer Lynn 
then described for the jury the scientific methodology used in the 
administration of the test and that appellant exhibited enough clues to indicate 
that he was impaired.
        However, 
on cross-examination, Officer Lynn admitted that in administering the HGN test 
on appellant he failed to complete the minimum number of fourteen passes across 
appellant’s eyes, as required by NHTSA.  Additionally, Officer Lynn 
admitted that if the administrator of the test failed to complete the minimum 
amount of passes over the subject’s eyes, it could invalidate the test 
results.
        Based 
upon Officer’s Lynn’s admission that he did not administer the test 
properly, it is clear that the HGN test results did not meet the second prong of 
the Emerson requirements for admissibility.  Emerson, 880 
S.W.2d at 763, 769.  Accordingly, we hold that the trial court abused its 
discretion by admitting Officer Lynn’s testimony regarding the HGN test 
results.
        Because 
we hold that the trial court abused its discretion in admitting evidence of the 
HGN test results, we must determine whether appellant was harmed by the error.  
See Tex. R. App. P. 44.2.  
The State contends that if the trial court erred in admitting the results, any 
error was harmless.  Error under the rules of evidence in the admission of 
evidence constitutes nonconstitutional error.  See Tex. R. App. P. 44.2(b); Johnson v. 
State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).  A reviewing court 
is to disregard a nonconstitutional error that does not affect the substantial 
rights of the defendant.  Tex. R. 
App. P. 44.2(b).  A substantial right is affected when the error had 
a substantial and injurious effect or influence in determining the jury's 
verdict.  King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) 
(citing Kotteakos v. United States, 328 U.S. 750, 776, 66 S. Ct. 1239, 
1253 (1946)).
        If 
the reviewing court is unsure whether the error affected the outcome, the court 
should treat the error as harmful, i.e., as having a substantial and injurious 
effect or influence in determining the jury's verdict.  O'Neal v. 
McAninch, 513 U.S. 432, 435, 115 S. Ct. 992, 994 (1995); Webb v. State, 
36 S.W.3d 164, 182-83 (Tex. App.—Houston [14th Dist.] 2000, pet. 
ref'd).  The defendant is not required to prove harm from an error.  Johnson 
v. State, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).  It is the duty of the 
reviewing court to assess harm from the context of the error.  Id.
        Thus, 
the proper inquiry is whether the trial court's error in allowing Officer Lynn 
to testify on the HGN test results substantially swayed or influenced the jury's 
verdict.  See Kotteakos, 328 U.S. at 765, 66 S. Ct. at 1248; Johnson, 
43 S.W.3d at 4.  In making this determination, we consider the trial 
court's erroneous admission of the HGN testimony in the context of the entire 
record and not just whether there was sufficient or overwhelming evidence of the 
defendant's guilt.  Motilla v. State, 78 S.W.3d 352, 355-56 (Tex. 
Crim. App. 2002).
        Although 
appellant denied having anything to drink, at the police station he eventually 
told Officer Rice that he drank two vodka and diet cokes.  Appellant also 
admitted to taking Hydrocodone the day of the accident. Officer Rice noticed 
that appellant was unsteady on his feet and had to lean against the car to 
support himself.  At the police station, Officer Rice administered 
additional sobriety tests on appellant.  He failed the one leg stand and 
walk and turn tests at the station.  Officer Rice also administered two 
breath tests on appellant, which showed that appellant’s blood alcohol level 
was 0.129 and 0.123 an hour and a half after the accident.  Both are above 
the legal limit of .08.  See Tex. 
Penal Code Ann. § 49.01(2)(B) (Vernon 2003).
        Officer 
Lynn testified that, in addition to the HGN test in the field, appellant also 
failed the one leg stand test and the walk and turn test.  Additionally, 
when Officer Lynn looked in appellant’s car he found a glass full of brown 
liquid that smelled of alcohol.  The trial court also admitted the patrol 
car videotape of the sobriety tests at trial.
        We 
conclude that, in the context of all the evidence against appellant, the trial 
court’s error in admitting the HGN testimony did not affect appellant’s 
substantial rights and did not have a substantial or injurious effect on the 
jury’s verdict.  The HGN test was only one test out of the three 
performed in the field, and the four performed at the station, which he all 
failed.  See King, 953 S.W.2d at 271; see also Ellis, 86 
S.W.3d at 761-62; Franco v. State, 82 S.W.3d 425, 428 (Tex. App.—Austin 
2002, pet. ref’d).  Thus, we disregard the error.  See Tex. R. App. P. 44.2(b).  
Appellant’s first point is overruled.
Retrograde Extrapolation Evidence
        In 
his second point, appellant complains that the trial court erred by admitting 
evidence of retrograde extrapolation in violation of Mata because the 
record is insufficient to support admission of such evidence. 46 S.W.3d at 916.
        Retrograde 
extrapolation is the computation back in time of the blood-alcohol level that 
estimates the blood-alcohol level at the time of driving based on a test result 
from some later time.  Id. at 908-09.  The science of 
retrograde extrapolation can be reliable in a given case depending upon the 
circumstances.  Id. at 916.  One of the paramount 
considerations in determining the reliability of retrograde extrapolation, as 
used in driving while intoxicated cases to estimate a defendant's blood alcohol 
content (BAC) at time of offense, is the expert's ability to apply the science 
and explain it with clarity to the court.  Id. Additionally, the 
expert must demonstrate some understanding of difficulties associated with 
retrograde extrapolation, awareness of the subtleties of the science, the risks 
inherent in any extrapolation, and be able to clearly and consistently apply the 
science.  Id.; see also Tex. R. Evid. 702.
        Michelle 
O’Neal testified about appellant’s intoxilyzer test results and retrograde 
extrapolation both on voir dire and before the jury.  O’Neal is a 
forensic chemist with the Tarrant County Medical Examiner’s Office and 
testified in her capacity as the technical supervisor over intoxilyzers in Fort 
Worth.
Pre-Trial
        Outside 
the jury’s presence, O’Neal established her qualifications as an expert and 
laid the scientific predicate for the admissibility of appellant’s breath test 
results.  At that time, O’Neal erroneously extrapolated that a person 
with a breath test result of 0.123 at 2:19 p.m., who last ate at 8:30 a.m., 
would have a BAC of 0.23 at 12:45 p.m. the same day.  O’Neal used a 
general elimination rate of 0.015 grams of alcohol per hour when doing her 
extrapolation, but conceded that individual elimination rates vary due to a 
variety of factors.  See Mata,  46 S.W.3d at 916.  
Moreover, O’Neal admitted that she was without knowledge of whether appellant 
had some of the characteristics detailed in Mata.  Id.
        Appellant 
objected to the admission of O’Neal’s extrapolation evidence based upon the 
fact that O’Neal failed to meet the requirements of Mata because she 
failed to consider many of the Mata factors in her extrapolation.  Id. 
The trial court denied appellant’s motion and allowed O’Neal to testify 
in front of the jury regarding retrograde extrapolation.
Trial
        Once 
in front of the jury, O’Neal testified to her background and qualifications as 
an expert witness.  She testified that the accident occurred at 12:43 p.m., 
the same day that appellant’s alcohol concentration was tested at 0.129 at 
2:19 p.m. and 0.123 at 2:22 p.m.  It was her opinion that a person who had 
an alcohol concentration of 0.123 at 2:22p.m. would have lost the normal use of 
his or her mental faculties due to intoxication at 12:45 p.m.  O’Neal 
testified in her extrapolation that she would first add the general elimination 
rate of 0.015 to the test result of 0.123.  Next, she stated “I’m going 
to divide this elimination rate [0.015] in half, and that’s going to be 
0.075.”  All three numbers (0.015, 0.123, and 0.075) should then be added 
together in order to obtain appellant’s BAC at the time of the accident.  
O’Neal erroneously stated that half of 0.015 would be 0.075, rather than the 
correct number 0.0075, which resulted in an incorrect, higher number.[4]  Although O’Neal testified incorrectly about the 
numbers used in her calculations, she never testified to the actual result of 
the retrograde extrapolation in front of the jury.[5]
Math Error
        Appellant 
argues that the math error caused O’Neal’s extrapolation to be in excess of 
0.20 instead of 0.1455 (0.123+0.015+0.0075).  Appellant contends that 
O’Neal’s math error and her failure to consider many of the other Mata 
factors demonstrated that she did not clearly and consistently apply the science 
as required by the court of criminal appeals.  However, our review of the 
record reveals that the erroneous calculation of the retrograde extrapolation 
was before the trial court during voir dire, but not admitted before the jury.  
Moreover, appellant did not object to O’Neal’s math error at trial.
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion.  Tex. R. App. 
P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. 
App. 1998) (op. on reh’g), cert. denied, 526 U.S. 1070 (1999).  
Further, the trial court must have ruled on the request, objection, or motion, 
either expressly or implicitly, or the complaining party must have objected to 
the trial court’s refusal to rule.  Tex. R. App. P. 33.1(a)(2).  
Preservation of error is a systemic requirement that this court should review on 
its own motion.  Martinez v. State, 22 S.W.3d 504, 507 n.7 (Tex. 
Crim. App. 2000); Hughes v. State, 878 S.W.2d 142, 151 (Tex. Crim. App. 
1993) (op. on reh’g), cert. denied, 511 U.S. 1152 (1994).  
Appellant failed to object to O’Neal’s testimony on the basis that she made 
an erroneous calculation.  Accordingly, appellant did not preserve error 
regarding the math calculations.  This portion of appellant’s second 
point is overruled.
Mata Factors of Reliability
        With 
regard to the Mata factors of reliability, the court evaluating the 
reliability of a retrograde extrapolation should consider (a) the length of time 
between the offense and the tests administered; (b) the number of tests given 
and the length of time between each; and (c) whether, and if so, to what extent, 
any individual characteristics of the defendant were known to the expert in 
providing his extrapolation.  Mata, 46 S.W.3d at 916.  Some of 
these characteristics include, but are not limited to, the person's weight, 
gender, typical drinking pattern, tolerance for alcohol, amount of alcohol 
consumed, what the person ingested, the duration of the drinking spree, the time 
of the last drink, and how much and what the person had to eat either before, 
during, or after the drinking.  Id. The Mata court gave the 
following guidelines when balancing the factors:
 
If the 
State had more than one test, each test a reasonable length of time apart, and 
the first test were conducted within a reasonable time from the time of the 
offense, then an expert could potentially create a reliable estimate of the 
defendant's BAC with limited knowledge of personal characteristics and 
behaviors.  In contrast, a single test conducted some time after the 
offense could result in a reliable extrapolation only if the expert had 
knowledge of many personal characteristics and behaviors of the defendant.  
Somewhere in the middle might fall a case in which there was a single test a 
reasonable length of time from the driving, and two or three personal 
characteristics of the defendant were known to the expert.
 
Id. at 916-17.
        Here, 
the intoxilyzer tests took place approximately one hour and thirty-five minutes 
after the accident.  The tests themselves occurred only a few minutes 
apart, one at 2:19 and one at 2:22.  Both in voir dire and in front of the 
jury, O’Neal testified that she considered the following factors when 
calculating appellant’s BAC: (1) appellant last ate at 8:30 a.m.; (2) 
appellant last drank at approximately 10:00 a.m.; (3) appellant admitted to 
drinking two vodka and diet cokes; (4) appellant was last seen driving at 12:43 
p.m.; and (5) intoxilyzer results occurred at 2:19 p.m. and 2:22 p.m.  
Because the intoxilyzer tests were given within minutes of each other, the 
circumstances of the present case are most like a situation where a single 
intoxilyzer test has been given.  The tests were given within a reasonable 
amount of time after the driving and more than three of appellant’s personal 
characteristics were known by the expert.
        Appellant 
argues that the results are not reliable because O’Neal did not consider 
appellant’s weight, drinking pattern, the exact amount of food in his stomach, 
the precise number of drinks appellant consumed (aside from the two drinks he 
admitted to drinking), and exactly when he began and when he stopped drinking.  
However, many of the more specific characteristics were unnecessary because 
O’Neal used the accepted average rate for elimination of alcohol at 0.015 
grams per hour, instead of calculating a specific elimination rate for 
appellant.  We hold that under the circumstances O’Neal considered enough 
characteristics that her testimony was sufficiently reliable.
        Moreover, 
we note that O’Neal’s retrograde extrapolation testimony was not required in 
order to admit the intoxilyzer test results in this case because other evidence 
proved beyond a reasonable doubt that the accused was intoxicated when the 
offense occurred.[6]  See Forte v. State, 
707 S.W.2d 89, 94-95 (Tex. Crim. App. 1986) (holding that defendant committed 
DWI offense without consideration of extrapolation evidence); Price v. State, 
59 S.W.3d 297, 300 (Tex. App.—Fort Worth 2001, pet. ref’d) (holding that 
extrapolation is not required if other evidence proves intoxication beyond a 
reasonable doubt); O'Neal v. State, 999 S.W.2d 826, 832 (Tex. 
App.—Tyler 1999, no pet.) (determining that extrapolation not required to find 
defendant guilty of intoxication per se).  Accordingly, we hold that the 
trial court did not err by admitting O’Neal’s testimony.  Appellant’s 
second point is overruled.
Conclusion
        Having 
overruled both of appellant’s points, we affirm the trial court’s judgment.
 
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
 
  
PANEL A:   LIVINGSTON, 
DAUPHINOT, and MCCOY, JJ.
 
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: July 15, 2004

 
NOTES
1.  When administering the HGN 
test, a law enforcement officer is trained to look for three “clues” in each 
eye.  Nystagmus is an involuntary, rapid, rhythmic movement of the eyeball 
that is exaggerated through the use of alcohol and certain other drugs; 
identification of four out of six clues serves as a reliable indicator of 
intoxication and can be used by the officer in determining whether to make an 
arrest.  Compton v. State, 120 S.W.3d 375, 377 (Tex. 
App.—Texarkana 2003, pet. ref’d).
2.  The State erroneously cites to Compton 
v. State, 120 S.W.3d 375, 377 (Tex. App.—Texarkana 2003, pet. ref’d) as 
a Texas Court of Criminal Appeals case in support of this proposition.
3.  Appellant comments in his brief 
that the only evidence in support of Officer Lynn’s certification was his own 
testimony.  Regardless, appellant does not challenge the admission of 
Officer Lynn’s HGN testimony on this ground.
4.  We note that in voir dire 
O’Neal extrapolated appellant’s BAC to be 0.23.  O’Neal never stated 
her result aloud in front of the jury, but if we add the general elimination 
rate to the intoxilyzer result (0.015 + 0.123), then add the erroneous number 
(0.075), the result is .213.  If we substitute the correct number for the 
erroneous one (0.015 + 0.123+.0075), the result is 0.145.  Both the correct 
and erroneous results are above the legal limit of .08.  See Tex. Penal Code Ann. § 49.01(2)(B).
 5.  While in front of the 
jury, O’Neal may have used a board or chart to calculate the erroneous BAC in 
front of the jury.  However, it is not clear from the record exactly what 
was before the jury.  Moreover, the board is not a part of the appellate 
record and we may not consider it.  See Wawrykow v. State, 
866 S.W.2d 87, 90 (Tex. App.—Beaumont 1993, pet. ref’d).
6.  See harmless error discussion 
infra.