COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

PETER COOPER,                                                )

                                                                              )               
No.  08-05-00106-CR

Appellant,                          )

                                                                              )                     Appeal from the

v.                                                                           )

                                                                              )     County Criminal Court at Law #1

THE STATE OF TEXAS,                                     )

                                                                              )            
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20040C17258)

                                                                              )

 

 

O
P I N I O N

 

Appellant appeals
his conviction for the offense of driving while intoxicated.  The jury found Appellant guilty as charged by
information and the trial court sentenced Appellant to 60 days= confinement in the El Paso County
Jail, which was later reduced to 30 days=
confinement for time credit served.  In
his sole issue, Appellant contends the trial court erred in permitting
testimony of a police officer witness regarding the results of the horizontal
gaze nystagmus test in violation of Rule 702 of the Texas Rules of
Evidence.  We affirm.








At approximately
1:50 a.m. on November 27, 2004, El Paso Police Officer Robert Daniels was on
patrol on Dyer Street when he saw a van pull out of a private driveway directly
in front of him, cross three lanes of traffic, and then proceed to travel at
approximately twenty to twenty-five miles per hour in a fifty mile-per-hour
zone.  The vehicle strayed to the right,
crossed the dotted white lines into the center lane, before slowly drifting
back into the far left-hand lane in front of the officer.  Officer Daniels initiated in-car video and
observed the vehicle drift into another lane again.  At this point, Officer Daniels conducted a
traffic stop.

When Officer
Daniels made contact with the driver, later identified as Appellant, he smelled
a strong odor of an alcoholic beverage from the vehicle and asked Appellant to
exit the van.  Appellant swayed as he
walked toward the rear of the van. 
Officer Daniels noticed that the odor of alcohol was coming from
Appellant=s person
and breath.  He also observed that
Appellant had bloodshot eyes and slow speech.

Officer Daniels
asked Appellant to perform several standardized field sobriety tests, including
the horizontal gaze nystagmus (AHGN@) test. 
Officer Daniels found six out of six clues of impairment while
performing the HGN test on Appellant. 
Appellant also failed the walk-and-turn and one-legged stand tests.  Based upon his training, experience,
observations of Appellant=s
driving behavior, the results of the standardized field sobriety tests, the
strong odor of alcohol on Appellant, his bloodshot eyes, and slow speech,
Officer Daniels formed the opinion that Appellant was possibly intoxicated and
placed Appellant in custody.

During Officer
Daniels=
testimony regarding the field sobriety tests, Appellant repeatedly objected to
the admission of Officer Daniels=
testimony on the HGN test on the sole ground that the State had not properly
tendered him as a certified practitioner to administer the HGN test.  The trial court overruled Appellant=s objection.  Appellant now appeals this ruling by the
trial court.








We review a trial
court=s ruling
to admit or exclude evidence under an abuse of discretion standard.  Weatherred v. State, 15 S.W.3d 540,
542 (Tex.Crim.App. 2000); Montgomery v. State, 810 S.W.2d 372, 391
(Tex.Crim.App. 1991)(Op. on reh=g).  Absent a clear abuse of discretion, a trial
court=s
decision to admit or exclude expert testimony will not be disturbed.  Wyatt v. State, 23 S.W.3d 18, 27
(Tex.Crim.App. 2000).  An abuse of
discretion exists when the trial court=s
decision was so clearly wrong as to lie outside the zone of reasonable
disagreement, in other words, the trial court=s
decision or action was arbitrary, unreasonable, and made without reference to
any guiding rules or principles.  See
Montgomery, 810 S.W.2d at 391.

For a witness=s expert testimony to be admissible,
the witness must be qualified as an expert by Aknowledge,
skill, experience, training, or education . . . .@  Tex.R.Evid.
702.  Rule 702 provides:

If scientific,
technical, or other specialized knowledge will assist the trier of fact to
understand the evidence or to determine a fact in issue, a witness qualified as
an expert by knowledge, skill, experience, training, or education may testify
thereto in the form of an opinion or otherwise. 

Tex.R.Evid.
702.

 

The party offering
the evidence has the burden of showing the witness is qualified as an expert on
the specific matter in question.  Wyatt,
23 S.W.3d at 27.  To be considered
reliable, evidence based on a scientific theory must satisfy three
criteria:  (1) the underlying scientific
theory must be valid; (2) the technique applying the theory must be valid; and (3)
the technique must have been applied properly on the occasion in question.  Kelly v. State, 824 S.W.2d 568, 573
(Tex.Crim.App. 1992).








In Emerson v.
State, the Court of Criminal Appeals, determined that both the theory
underlying the HGN test and the technique employed in administering it is
sufficiently reliable pursuant to Texas Rule of Evidence 702.  See Emerson v. State, 880 S.W.2d 759,
768 (Tex.Crim.App. 1994).  In each
individual case, however, for testimony concerning a defendant=s performance on the HGN test to be
admissible, it must be shown that the testifying witness is qualified as an
expert on the HGN test, specifically concerning its administration and
technique.  Emerson, 880 S.W.2d at
769.  A law enforcement officer is
qualified as an expert concerning the administration and technique of the HGN
test if he has received practitioner certification by the State of Texas to
administer the HGN test.  Id.  This, however, is not the exclusive means by
which an officer may qualify as an expert. 
See Kerr v. State, 921 S.W.2d 498, 502 (Tex.App.--Fort Worth
1996, no pet.)(Emerson does not require that an expert must be certified
by the State of Texas before his testimony on the subject of HGN test will be
admissible); see also Ellis v. State, 86 S.W.3d 759, 761 (Tex.App.--Waco
2002, pet. ref=d)(reaffirming
its holding in Smith v. State, 65 S.W.3d 332, 344 (Tex.App.--Waco 2001,
no pet.) that Emerson does not require that certification be issued by
the State).  Rather, if it is shown that
the officer has extensive training and experience in administering the test,
and has been certified through a training course specifically including the
administration of the HGN test, the trial court does not abuse its discretion
in allowing the officer to testify as an expert on the administration and
technique of the HGN test.  See Kerr,
921 S.W.2d at 502.








Appellant argues
that the trial court erred in admitting Officer Daniels=
testimony regarding the results of the HGN test over his objection because
there was no testimony that Officer Daniels was qualified to administer any of
the field sobriety tests.[1]  Officer Daniels testified that he was a police
officer with the El Paso Police Department for nine and half years, had
received special training on the use of standardized field sobriety testing,
including the HGN test, and was also a certified intox operator for the State
of Texas.  Officer Daniels specifically
testified that he was a Acertified
practitioner@ to
administer the field sobriety tests. 
Further, he stated that he had observed the administration of the tests
approximately four to five times on a weekly basis.

It is unclear from
the testimony whether Officer Daniels received his practitioner certification
from the State of Texas, although Officer Daniels later testified that he
conducted the field sobriety tests as he was trained by the Texas Department of
Public Safety.  Regardless, we find that
his testimony on his specialized training, experience, and practitioner
certified status was sufficient to establish that he was an expert on the
administration and technique of the HGN test. 
Therefore, we conclude the trial court did not abuse its discretion in
overruling his objection to Officer Daniels=
testimony concerning the HGN test and the results.  Appellant=s
sole issue is overruled.

We affirm the
trial court=s
judgment.

 

 

February
2, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Appellant also complains that the trial court erred in failing to take judicial
notice of the reliability of the HGN test or in making other inquiry concerning
the admissibility of the HGN test pursuant to Rule 702, complaints which were
not raised at trial.  See Tex.R.App.P. 33.1.  However, as noted above, the Court of
Criminal Appeals has previously held HGN evidence is scientifically reliable,
therefore the State was not required to present evidence on that issue and
furthermore, the reviewing court may take judicial notice as to its reliability
on appeal.  See Hernandez v. State,
116 S.W.3d 26, 29 (Tex.Crim.App. 2003); Emerson, 880 S.W.2d at
768-69.  Therefore, even if preserved, no
abuse of discretion would exist on these grounds.