# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00054-CV

**Texas Department of Public Safety, Appellant**

**v.**

**Kathy Lynn Bishop, Appellee**

## FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT
## NO. 12966, HONORABLE TERRY L. FLENNIKEN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The Texas Department of Public Safety appeals a district court's judgment reversing an administrative law judge's order suspending Kathy Bishop's driver's license. The issue on appeal is whether substantial evidence supported the administrative law judge's determination that the police had probable cause to arrest Bishop for driving while intoxicated. We find that there was substantial evidence supporting the administrative law judge's determination of probable cause. Accordingly, we reverse the district court's judgment and render judgment reinstating the administrative law judge's order of suspension.

On March 2, 2005, at approximately 2:34 a.m., Officer Lacey Watts of the Giddings Police Department observed Bishop's vehicle traveling 66 mph in a 55 mph speed zone. Officer Watts initiated a traffic stop and approached the passenger side of the vehicle. With Bishop's permission, Officer Watts opened the passenger door of the vehicle. She testified at the administrative hearing, "[w]hen I initially opened the door, I could smell alcohol coming from inside

the vehicle." Officer Watts identified the driver of the vehicle as Kathy Bishop. She testified that Bishop exhibited slurred speech while telling Officer Watts that she was on her way home from a bar.

Officer Watts asked Bishop to get out of the vehicle and to stand in front of the patrol car. She testified that "when [Bishop] exited the vehicle she kind of stumbled a little bit, kind of staggered." Office Watts also observed that Bishop's eyes were "red and glassy" and that Bishop had "a strong odor of an alcoholic beverage coming from her breath." Bishop admitted to Officer Watts that she had consumed "four mixed drinks." Bishop had difficultly following simple instructions for performing the horizontal gaze nystagmus (HGN) test. Additionally, Officer Watts testified that Bishop exhibited all six clues of intoxication during the administration of the HGN test. Because the ground where the traffic stop occurred was uneven, Officer Watts decided to administer the remaining field sobriety tests at the police station. She then arrested Bishop for driving while intoxicated, placed Bishop in the back of the patrol car, and drove to the police station. At the station, Bishop failed a second administration of the HGN test as well as the walk-and-turn test and the one-leg stand. Bishop refused to provide a specimen of her breath for testing after being warned that refusal could result in the suspension of her driver's license.

At Bishop's request, an administrative hearing was held on June 16, 2005, regarding the license suspension. At the hearing, the Department introduced Officer Watts's sworn report, the statutory warning, the DWI interview, and the field sobriety test sheet as evidence. Officer Watts also testified at the hearing. Bishop did not offer any evidence. Counsel for Bishop cross-examined Officer Watts regarding the details of her administration of the HGN test at the site of the traffic stop. During closing arguments, counsel for Bishop stated, "there's no evidence that [Officer Watts]

2

was certified to do the HGN.  And secondly, the way [Officer Watts] did the HGN, . . . she did it wrong.  And furthermore, Judge, as the Court knows, to establish probable cause you have to have more than just the HGN."  The administrative law judge found "that probable cause existed to believe that [Bishop] was operating a motor vehicle in a public place while intoxicated" and concluded that Bishop's license was subject to suspension for 180 days.

Bishop sought judicial review of the administrative decision.  She argued in her trial brief that:

> [t]he record in the Administrative hearing was devoid of any evidence that would support an arrest based on probable cause for driving while intoxicated.  The officer only conducted one field sobriety test prior to arresting [Bishop], that being the HGN.  However, there is no evidence that the officer is qualified to administer an HGN test.  Therefore, there is no evidence of probable cause to arrest [Bishop].  The mere existence of an odor of an alcoholic beverage is not sufficient.  There was no bad driving, other than speeding.  Any other clues of intoxication were not developed until at the police station.

On October 26, 2005, the trial court reversed the administrative law judge's order of suspension without stating a basis.  On appeal, the Department contends that the trial court erred by reversing the administrative law judge's order because (1) Bishop did not object to the admission of the HGN evidence or Officer Watts's qualifications to administer the HGN at the administrative hearing, and (2) even without the HGN evidence, there was substantial evidence to support the administrative law judge's determination that there was probable cause to arrest Bishop for driving while intoxicated.

Courts review administrative license suspension decisions under the substantial evidence standard.  *Mireles v. Texas Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999); *see* Tex. Transp. Code Ann. § 524.041 (West 1999); Tex. Gov't Code Ann. § 2001.174 (West 2000).  A court applying the substantial evidence standard of review may not substitute its judgment for that of the administrative law judge.  *Mireles*, 9 S.W.3d at 131.  The issue for the reviewing court is not whether

the administrative law judge's decision was correct, but only whether the record demonstrates some reasonable basis for the administrative law judge's action. *Id.* Courts must affirm administrative findings in contested cases if there is more than a scintilla of evidence to support them. *Id.* (citing *Railroad Comm'n of Tex. v. Torch Operating Co.*, 912 S.W.2d 790, 792-93 (Tex. 1995)). This Court's review of the district court's determination is undertaken de novo. *Texas Dep't of Pub. Safety v. Pruit*, 75 S.W.3d 634, 640 (Tex. App.—San Antonio 2002, no pet.).

In *Emerson v. State*, 880 S.W.2d 759, 769 (Tex. Crim. App. 1994), the court of criminal appeals held that "[f]or testimony concerning a defendant's performance on the HGN test to be admissible, it must be shown that the witness testifying is qualified as an expert on the HGN test, specifically concerning its administration and technique." However, error in the admission of testimony regarding HGN evidence requires reversal only when the error "had a substantial and injurious effect or influence" on the fact-finder or the verdict. *Ellis v. State*, 86 S.W.3d 759, 762 (Tex. App.—Waco 2002, pet. ref'd) (quoting *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)). In *Ellis*, the defendant appealed his conviction for driving while intoxicated, arguing that the arresting officer should not have been allowed to testify about administering the HGN test because he was not qualified as an expert on the HGN testing and because the officer did not properly administer the HGN test. *Id.* at 761. The Waco court of appeals found that the trial court abused its discretion in admitting the arresting officer's testimony because he was not qualified as an expert pursuant to *Emerson*. *Id.* However, the court concluded that the admission of the arresting officer's testimony was harmless error because the evidence showed that, at the time of the arrest, the defendant had a strong odor of an alcoholic beverage on his breath, his speech was slow and slurred, he staggered and lost his balance when he exited his car, there was cold beer inside the car

4

when the officer pulled him over, he admitted he had been drinking, he did not follow instructions on the one-leg stand and the head-tilt tests, and he refused to give a breath sample. *Id.* at 762.

In this case, Bishop argued at the trial court that the evidence of the HGN test was insufficient to establish probable cause because there was no evidence establishing that Officer Watts was qualified to administer the HGN test. This argument assumes that evidence of the HGN test was the only evidence considered by the administrative law judge in determining probable cause. "Probable cause exists when the facts and circumstances within an officer's personal knowledge and of which he has reasonably trustworthy information are sufficient to warrant a person of reasonable caution in the belief that, more likely than not, a particular suspect has committed an offense." *State v. Garrett*, 22 S.W.3d 650, 653-54 (Tex. App.—Austin 2000, no pet.). Probable cause must be examined in light of the totality of the circumstances established by the evidence. *Id.*

The record of the administrative hearing reflects that the administrative law judge found:

> that probable cause to arrest [Bishop] existed, in that probable cause existed to believe [Bishop] was operating a motor vehicle in a public place while intoxicated, because, . . . prior to arrest, the officer observed the following indications of intoxication when the officer observed [Bishop] on the scene: whose vehicle smelled strongly of an alcoholic beverage; who staggered as she exited her vehicle; whose speech was slurred; who stated that she had just left a bar; who admitted to the consumption of four "mixed drinks"; whose eyes were red and glassy; whose breath smelled strongly of an alcoholic beverage; who swayed as she stood; who had difficulty following the officer's simple directions to hold her head still for the horizontal gaze nystagmus field sobriety eye-test, moving her head when she was supposed to be moving her eyes only and holding her head still.

On this record, there was evidence establishing probable cause to arrest Bishop for driving while intoxicated at the time of the traffic stop other than the results of the HGN test conducted at the

5

scene. The administrative law judge did not rely solely on the HGN evidence to establish probable cause for her arrest. Instead, the administrative law judge considered the totality of the circumstances at the time of Bishop's arrest, including the fact that Bishop's vehicle smelled strongly of alcohol, that she exhibited slurred speech and swayed as she stood, that she admitted to consuming four "mixed drinks," that she told Officer Watts that she had just left a bar, that her eyes were red and glassy, and that her breath smelled strongly of alcohol. Furthermore, it seems that the administrative law judge considered only Bishop's inability to follow directions during the HGN test and not the results of the HGN test in her determination of probable cause. Under these circumstances, we conclude that even if the administrative law judge abused her discretion by admitting unqualified testimony from Officer Watts concerning the HGN evidence, the admission of this testimony did not have a substantial or injurious effect on the administrative decision. Any error in the admission of Officer Watts's testimony regarding the HGN evidence was harmless error.

Because the record contains substantial evidence to support the administrative law judge's determination of probable cause to arrest Bishop for driving while intoxicated, we reverse the judgment of the district court and render judgment reinstating the administrative law judge's order of suspension.

_____

G. Alan Waldrop, Justice

Before Justices Pemberton, Waldrop and B. A. Smith*

Reversed and Rendered

Filed: January 22, 2007

* Before Bea Ann Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 2005).