# NO. 12-07-00423-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DANIEL THOMAS HALL,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 3* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

A jury convicted Appellant Daniel Thomas Hall of driving while intoxicated, and assessed his punishment at confinement for 180 days and a $2,000 fine. The jury recommended that the jail time and $1,500 of the fine be probated for 270 days. Appellant contends the evidence is legally and factually insufficient to support his conviction. We affirm.

### BACKGROUND

Tyler Police Officer Nathan Elliot stopped Appellant on East Erwin Street for driving 52 miles per hour in a 35 miles per hour zone. When Appellant got out of his car, Officer Elliot noted he was "kind of unsteady" and "his eyes were glassy as I was talking to him." Appellant denied having drunk any alcohol that night.

Officer Elliot then administered the horizontal gaze nystagmus (HGN) test. When Appellant demonstrated all six clues of intoxication that the test can reveal, Appellant admitted he had had one beer earlier in the evening. After Appellant failed several more field sobriety tests, Officer Elliot determined Appellant was intoxicated and placed him under arrest.

Appellant refused to take a breathalyzer test. A patrol car video of the stop and Officer Elliot's conduct of the tests was shown to the jury.

In his only issue, Appellant contends that evidence of his performance on the HGN test was improperly admitted by the trial court and without that evidence, the State's proof was legally and factually insufficient to support the verdict.

## Standard of Review

The standard for reviewing a legal sufficiency challenge is whether, viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 317-18, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979); *see also Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003). In reviewing factual sufficiency, we must ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine our confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); *see also Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).

A trial court's determination of a witness's qualification to testify as an expert is reviewed by an abuse of discretion standard. *Wyatt v. State*, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000). An abuse of discretion occurs "when the trial judge's decision was so clearly wrong as to be outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).

## Applicable Law

A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (Vernon 2003). The court of criminal appeals has concluded that the theory underlying the HGN test is sound, and, when the test is employed according to approved techniques, a sufficiently reliable indicator of intoxication to satisfy the admissibility requirements for expert testimony required by Texas Rule of Evidence 702. *Emerson v. State*, 880 S.W.2d 759, 768-69 (Tex. Crim. App. 1994). "If it is shown that the officer has extensive training in administering the HGN test, has been certified through a training course specifically including the administration of the HGN test, and has extensive experience in administering the HGN test, the trial court does not abuse its discretion in allowing the officer to

2

testify on the administration and technique of the test." *Ellis v. State*, 86 S.W.3d 759, 761 (Tex. App.–Waco 2002, pet. ref'd).

**Discussion**

Appellant argues that the trial court did not examine Officer Elliot "to determine whether he was qualified as an expert by knowledge, skill, experience, training or education so that he could testify as to his expert opinion as to Appellant's intoxication." Appellant complains that Elliot had no updated training in HGN, and that he could not explain why it worked nor could he explain other causes for nystagmus other than alcohol consumption. Appellant further contends Elliot administered the test improperly.

Officer Elliot testified that he had been a Tyler police officer for nine years. He explained that his initial training included completion of a sixteen week police academy followed by sixteen more weeks of training with another experienced officer. Officer Elliott told the court that he had received training in the administration of field sobriety tests, including the HGN test, and that he was certified to perform those tests. The officer explained how the test was conducted, as well as some of the indicators of intoxication the test might demonstrate. Officer Elliot gave the test twice. Appellant's performance demonstrated all six clues of intoxication that the HGN test could disclose.

Appellant's cross examination of Officer Elliott revealed that the officer had had no updated training, he was unfamiliar with other conditions that might cause nystagmus, and that he failed to ask Appellant if he had any condition that might cause a false result. Officer Elliot testified that in giving the test, the pencil or other stimulus should be maintained "probably twelve or eighteen inches from the face." Apparently the standard is twelve to fifteen inches from the face and slightly above eye level.

There is no evidence from which we can conclude the HGN test was performed incorrectly nor is there any evidence that Appellant suffered from a condition that might have contributed to a false positive test result. Officer Elliott's less than scholarly awareness of the recent literature on the subject and his unfamiliarity with any of apparently forty-seven types of nystagmus goes to the weight of his testimony, not to its admissibility. The trial court did not abuse its discretion in admitting Officer Elliot's testimony regarding the results of the HGN test.

Officer Elliott also testified that in addition to demonstrating six of six possible clues of intoxication on the HGN test, Appellant showed two of the four signs of intoxication on the one leg

3

stand test. Appellant's performance exhibited four of eight possible indicia of intoxication on the nine step walk and turn test. After first denying having recently consumed any alcoholic beverage, Appellant conceded he had had one beer when it became apparent to Officer Elliott that Appellant had been drinking. Officer Elliot testified that "it was apparent [Appellant] was intoxicated."

Officer Pitts, the other officer present, described Appellant as "kind of sluggish" and noted that "he was swaying when he stood still." Officer Pitts testified that Appellant had the odor of an alcoholic beverage about him. Officer Pitts did not notice any problem in the way Officer Elliot administered the HGN test. He noted that Appellant kept moving his head during the test even though Officer Elliot told him to stop. Officer Pitts testified that Appellant did not do well on the one leg stand test or nine step walk and turn test, and that, in his opinion, Appellant was intoxicated.

Appellant did not submit to a breathalyzer test nor did he testify or call any witnesses in his behalf.

Viewing the evidence in the light most favorable to the verdict, there is abundant evidence from which a rational trier of fact could have found the essential elements of the charged offense. Considering all of the evidence in a neutral light, we conclude the jury was rationally justified in finding guilt beyond a reasonable doubt. The positive evidence of guilt is sufficient and there is no contrary proof. The evidence is both legally and factually sufficient to support the verdict. Appellant's sole issue is overruled.

### DISPOSITION

The trial court's judgment is *affirmed*.

**BILL BASS**
Justice

Opinion delivered July 16, 2008.
*Panel consisted of Griffith, J., Hoyle, J., and Bass, Retired Justice, Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)
