Opinion issued October 1, 2009










                    




     


In The
Court of Appeals
For The
First District of Texas




NO. 01–08–00927–CR




JASON WAYNE LILES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the County Criminal Court at Law No. 12
Harris County, Texas
Trial Court Cause No. 1503458




MEMORANDUM OPINION

          Appellant, Jason Wayne Liles, was charged with the misdemeanor offense of
driving while intoxicated (“DWI”). See Tex. Penal Code Ann. § 49.04 (Vernon
2008). A jury found appellant guilty, and the trial court assessed punishment at
confinement for 180 days, suspended for 18 months of community supervision, and
a $500.00 fine. 
          In one point of error, appellant contends that the trial court erred by denying
his motion to suppress testimony concerning his performance on a Horizontal Gaze
Nystagmus (“HGN”) test. 
          We affirm.
Background
          On the night of January 18, 2008, Officer J. Godden of the Tomball Police
Department was dispatched to investigate a reckless driver on the Tomball Parkway. 
When Officer Godden located the vehicle, it was stopped in the middle of an
intersection at a red light. Officer Godden activated his emergency lights, and the
vehicle moved forward, “straddling the outside and the center lane,” then struck the
curb several times before stopping in a moving lane of traffic. 
          Officer Godden approached the driver, later identified as appellant, and asked
if he had been drinking. Appellant initially responded in the negative, then stated that
he had consumed some alcohol. Appellant added that he “had not had much.” 
Officer Godden saw an open container of alcohol in the center console of appellant’s
car, within appellant’s “immediate reach,” and “some alcohol” on the floorboard. 
Officer Godden noticed a strong odor of alcohol on appellant’s breath and person;
that appellant’s speech was slow and slightly slurred; that appellant had bloodshot
eyes; and that appellant appeared slightly uncoordinated.
          Based on the weather conditions and heavy traffic in the area at the time,
Officer Godden transported appellant to the Tomball Police Department to perform
field sobriety testing. While entering the intoxilyzer room, appellant lost his balance
and almost fell. Officer Godden noticed that appellant “had a sway about him.” 
          Officer Godden performed an HGN test, which was videotaped. Officer
Godden testified that appellant had equal pupil size and equal tracking, but had
nystagmus in both eyes, prior to 45 degrees. Officer Godden further testified that
appellant displayed all “six clues” indicating intoxication. Appellant refused further
testing and was arrested. 
          Appellant moved to suppress Officer Godden’s testimony regarding appellant’s
performance on the HGN test on the basis that Officer Godden was not properly
qualified to administer the HGN test on the night in question because he had allowed
his National Highway Traffic Safety Administration (“NHTSA”) certification to
perform standardized field sobriety testing (“SFST”) to lapse. In addition, appellant
contended that Officer Godden had failed to administer the HGN test in accordance
with NHTSA guidelines.
          At a pre-trial suppression hearing, Officer Godden testified that he had not
updated his certification or completed a practitioner course in field sobriety testing
in the 24 months preceding the date of appellant’s test. Officer Godden testified that,
nevertheless, he had been a peace officer for approximately eight years; that he had
received extensive training in DWI investigations and field sobriety testing; that he
had been state certified in field sobriety testing since 2002; that he received advanced
training and became a certified Drug Recognition Expert (“DRE”) in 2005; that he
had participated in at least 80 hours of coursework and 25 field studies; and that he
had on many occasions in the past made determinations regarding an individual’s
intoxication. 
          Officer Godden testified in detail concerning HGN testing technique. He
explained that the officer looks for three “clues” in each eye. First, the officer looks
for equal pupil size and determines whether the person’s eyes track equally, including
assessing whether the person has “lazy eye.” The officer looks for a lack of smooth
pursuit when moving the stimulus from side-to-side. Second, the officer looks for
distinct and sustained nystagmus at maximum deviation. That is, the officer holds the
stimulus at the corner of the eye and watches for nystagmus. Finally, the officer
looks for the onset of nystagmus at a point prior to 45 degrees. The officer moves the
stimulus to 45 degrees and watches to see if the eyes bounce prior to that point. Each
of the three tests are performed on each eye, for a total of six “clues.”Officer Godden testified that, in this case, appellant showed all six clues. 
Appellant complained that Officer Godden had, in the second portion of the HGN
test, failed to hold the stimulus at the requisite maximum deviation for a minimum of
four seconds, as required under NHTSA guidelines, and that such failure invalidated
the HGN test results in toto.
          The videotape of appellant’s HGN testing was published to the trial court.
Officer Godden testified that, based on the videotape, it appeared that he had not held
the stimulus at the maximum deviation for a total of four seconds, but that such
failure, if true, would only invalidate the second portion, or two of the clues (the
maximum deviation portion), of the test. Officer Godden testified that appellant,
nevertheless, displayed the other four clues of intoxication. 
          The trial court concluded that it could not be determined from the video
“exactly what the seconds were,” but that Officer Godden had spent “a lot more time”
on the HGN test than was typically seen in such videos and that the amount of time
was sufficient. 
          The trial court denied appellant’s motion to suppress. The record does not
reflect that findings of fact and conclusions of law were requested or filed. Motion to Suppress
Appellant contends that the trial court erred by denying his motion to suppress
Officer Godden’s testimony regarding appellant’s performance on the HGN test. 
Specifically, appellant contends that (1) Officer Godden was not qualified to
administer the HGN test on the date it was administered and (2) Officer Godden
failed to properly administer the test.A.      Standard of Review
          Our review of a trial court’s ruling on a motion to suppress evidence is
bifurcated; we give almost total deference to the trial court’s determination of
historical facts and review de novo the trial court’s application of the law. Neal v.
State, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). When, as here, the trial court
does not make findings of fact, we view the evidence in the light most favorable to
the trial court’s ruling.


 Id. We must sustain the trial court’s ruling if it is reasonably
supported by the record and is correct under any theory of law applicable to the case.
Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App.1996); Flores v. State, 177
S.W.3d 8, 14 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d). At a suppression
hearing, the trial court is the exclusive fact-finder and decides the weight to place on
testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).
B.      Analysis
          1.       Qualifications to administer HGN testing
          Appellant contends that Officer Godden was not qualified to testify as an
expert regarding appellant’s performance on the HGN test because, on the date
Officer Godden administered the test, he was not state certified, as required by
Emerson v. State, 880 S.W.2d 759, 769 (Tex. Crim. App. 1994), and had not updated
his certification, as required under the Texas Administrative Code. See 37 Tex.
Admin. Code § 221.9 (2009).


 
          Whether a witness offered as an expert possesses the required qualifications
rests largely in the trial court’s discretion and, absent a clear abuse of that discretion,
the trial court’s decision to admit or exclude testimony will not be disturbed. Wyatt
v. State, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000). Rule of Evidence 702 provides
that “if scientific, technical, or other specialized knowledge will assist the trier of fact
to understand the evidence or to determine a fact in issue, a witness qualified as an
expert by knowledge, skill, experience, training, or education may testify thereto in
the form of an opinion or otherwise.” Tex. R. Evid. 702. For witness testimony to
be admissible concerning an HGN test, the witness must be qualified as an expert on
the administration and technique of the test. Emerson, 880 S.W.2d at 769. This
requirement is satisfied by proof that the officer has received practitioner certification
by the State of Texas to administer the HGN.


 Id. However, Emerson does not hold
that state certification is the exclusive means by which an officer may qualify as an
expert. See Ellis v. State, 86 S.W.3d 759, 761 (Tex. App.—Waco 2002, pet. ref’d);
Kerr v. State, 921 S.W.2d 498, 502 (Tex. App.—Fort Worth 1996, no pet.). “If it is
shown that the officer has extensive training in administering the HGN test, has been
certified through a training course specifically including the administration of the
HGN test, and has extensive experience in administering the HGN test, the trial court
does not abuse its discretion in allowing the officer to testify as an expert on the
administration and technique of the test.” Ellis, 86 S.W.3d at 761. 
          This court has also held that, if it is determined that a police officer offers
specialized knowledge as to a defendant’s performance on a field sobriety test and if
the officer is qualified by other training or experience to administer the test, it is not
necessary that the officer be certified by the State of Texas. Kirby v. State, No. 01-07-00444-CR, 2008 WL 2930181, at *3–4 (Tex. App.—Houston [1st Dist.] July 31,
2008, no pet.) (not designated for publication) (analyzing officer’s qualifications in
context of (non-scientific) walk-and-turn test) (applying Smith v. State, 65 S.W.3d
332, 344 (Tex. App.—Waco 2001, no pet.) (analyzing in context of HGN) and Kerr,
921 S.W.2d at 502 (same)). 
          Here, Officer Godden testified that, at the time he performed the HGN test on
appellant, his state certification had lapsed (the month prior, in December 2007), and
he had not completed the requisite practitioner courses in the preceding 24 months. 
He also testified, however, that he has been a peace officer for approximately eight
years; that he has been state-certified in field sobriety testing since 2002; that he
received advanced training and became a certified Drug Recognition Expert (“DRE”)
in 2005; that he has completed extensive training in DWI investigations and field
sobriety testing; that he has participated in at least 80 hours of courses and 25 field
studies; and that he has on many occasions in the past made determinations regarding
an individual’s intoxication. 
          Such evidence is sufficient to support a trial court’s ruling that an officer is
qualified to testify as an expert regarding an appellant’s performance on an HGN test. 
See Kerr, 921 S.W.2d at 502 (considering that officer received training at DPS
training academy and other courses and was certified through the NHTSA); Smith,
65 S.W.3d at 344 (twelve-year veteran officer received training at police academy and
certification through university courses); Singleton v. State, 91 S.W.3d 342, 348–49
(Tex. App.—Texarkana 2002, no pet.) (concluding trial court could determine officer
was expert from his knowledge, skill, experience, and training despite evidence that
officer is not certified); Lewis v. State, 933 S.W.2d 172, 181 (Tex. App.—Corpus
Christi 1996, pet. ref’d) (concluding no error in allowing officer to testify regarding
HGN based on statement from officer that he was qualified).
          This case is distinguishable from Ellis v. State, 86 S.W.3d 759, 761 (Tex.
App.—Waco 2002, pet. ref’d), wherein the court on appeal held that the trial court
abused its discretion in allowing testimony by an officer who, although he had
attended classes, had never actually been certified to administer an HGN test.
          Here, we cannot conclude that the trial court abused its discretion by
determining that Officer Godden, whose state certification had expired the month
prior to testing appellant and who had not taken the requisite re-certification courses,
was nevertheless qualified to testify as an expert regarding the administration of the
HGN test based on his training and experience. See Emerson, 880 S.W.2d at 769.
          2.       Administration of HGN testing
          Testimony concerning HGN testing is considered novel scientific evidence,
subject to the requirements of Kelly. See Emerson, 880 S.W.2d at 763 (applying
Kelly v. State, 824 S.W.2d 568 (Tex. Crim. App. 1992)). To constitute scientific
knowledge that will assist the trier of fact, the proposed testimony must be relevant
and reliable. Id. To be considered reliable, evidence based on a scientific theory
must satisfy three criteria: (1) the underlying scientific theory must be valid, (2) the
technique applying the theory must be valid, and (3) the technique must have been
applied properly on the occasion in question. Id. 
          The court of criminal appeals has taken judicial notice of (1) the validity of the
scientific theory and (2) the validity of the technique applying the theory. Id. at
768–69. Thus, under prong (3),we consider whether the officer properly applied the
theory in this case. See id. When administering an HGN test, an officer must follow
the standardized procedures outlined in the DWI Detection manual published by
NHTSA. Id. at 768.
          Here, Officer Godden testified concerning the procedures applying the theory. 
He said that, first, the officer looks for a lack of smooth pursuit when moving the
stimulus from side-to-side. Second, the officer looks for distinct and sustained
nystagmus at maximum deviation. That is, the officer holds the stimulus at the corner
of the eye and watches for nystagmus. Finally, the officer looks for the onset of
nystagmus at a point prior to 45 degrees. The officer moves the stimulus to 45
degrees and watches to see if the eyes bounce prior to that point.
          Officer Godden testified that, based on the videotape, it appeared that he had
not held the stimulus at the maximum deviation for a total of four seconds, as
required by the NHTSA guidelines, but that such failure, if true, would only
invalidate two of the clues (the maximum deviation portion of the test). Officer
Godden testified that appellant displayed the other four clues of intoxication.
          Slight variations in the administration of the HGN test may affect the weight
to be given to testimony, however, do not render the evidence inadmissible or
unreliable. Compton v. State, 120 S.W.3d 375, 378–79 (Tex. App.—Texarkana 2003,
pet. ref’d); see Plouff v. State, 192 S.W.3d 213, 221 (Tex. App.—Houston [14th Dist.]
2006, no pet.). Further, the manual only provides approximations of the time required
for properly conducting the tests. Plouff , 192 S.W.3d at 221. 
          In Plouff, the testimony revealed that the officer had only held the stimulus at
maximum deviation for one second, rather than the required four seconds under the
NHTSA. 192 S.W.3d at 219–20. The officer who performed the test did not admit
to the alleged errors; rather, he testified that he had performed the test in accordance
with the NHTSA procedures. Id. at 220. The court held that the expert testimony
was based solely on review of poor quality videotape and that, ultimately, the trial
court could have reasonably found that any variations made by the officer were slight
and, therefore, did not affect admissibility of the evidence. Id.
          Appellant contends that, here, unlike Plouff, Officer Godden admitted to erring
in his performance of the test. Additionally, appellant contends that, in Plouff, the
appellant’s attack on the performance of the HGN test was based solely on the review
of poor quality videotape. The instant case, however, has strong similarities to Plouff. 
For example, here, after watching video of the administration of the HGN test, Officer
Godden stated it “seemed” he did not hold the stimulus for a minimum of four
seconds. The trial judge further noted that, from the video, it could not be determined
exactly how many seconds Officer Godden had held the stimulus, but that it seemed
sufficient. Following the reasoning in Plouff, the trial court could have found that
any deviations in the HGN test made by Officer Godden were slight and did not affect
the admissibility of evidence. See Plouff, 192 S.W.3d at 220; compare McRae v.
State, 152 S.W.3d 739, 743–44 (Tex. App.— Houston [1st Dist.] 2004, pet ref’d.)
(holding that, because undisputed testimony established that officer did not
administer HGN technique properly and officer admitted to making several other
misstatements concerning HGN test, errors constituted more than “slight deviation”). 
          Next, appellant contends that Officer Godden failed to ask screening questions
designed to rule out bases for visible nystagmus, other than alcohol ingestion, as
required by NHTSA. 
          In Emerson, the court stated that the NHTSA testing procedures “require an
officer to screen for factors other than alcohol that potentially contribute to, or cause,
nystagmus, such as other drugs, neurological disorders, and brain damage, prior to
administering the HGN test.” 880 S.W.2d at 768. According to Webster v. State, “the
plain language of the 1992 NHTSA Manual and the 1995 edition [then] in use do not
require a separate pre-test screening procedure.” 26 S.W.3d 717, 721 (Tex. App.—
Waco 2000, pet. ref’d). Screening for potential causes of nystagmus, other than
alcohol ingestion, can be performed while conducting the HGN test and is consistent
with the NHTSA manual. Id. at 722. The officer checks for the following to
determine causes of nystagmus other than alcohol ingestion: whether the eyes track
the stimulus together, whether the left and right pupils are the same size, and whether
a significant disparity exists between the performances of the left and right eyes. Id.
at 722–23 (citing 1995 NHTSA Manual at VIII–16–17). 
          According to Officer Godden’s testimony, he began the test by looking for
equal pupil size to determine whether appellant had a head injury. Appellant had
equal pupil size. Secondly, Officer Godden checked to see whether appellant’s eyes
tracked equally and made sure appellant did not have a “lazy eye.” Officer Godden
testified that appellant had equal tracking. Because Officer Godden testified that he
checked appellant for the indicators as he performed the HGN test, Godden met the
requirements of the NHTSA Manual. See id. at 723. 
          We conclude that, based on its assessment of Officer Godden’s testimony and
its review of the videotaped HGN test, the trial court could have reasonably
concluded that Officer Godden satisfied the requirements of the HGN test. See Ross,
32 S.W.3d at 855 (holding that trial court is exclusive fact-finder at suppression
hearing and decides weight to be placed on testimony). We hold that the trial court
did not abuse its discretion by allowing Officer Godden to testify regarding
appellant’s performance on the test. See Villarreal, 935 S.W.2d at 138 (holding that
we must sustain trial court’s ruling if it is reasonably supported by record and is
correct under any theory of law applicable to case); Flores, 177 S.W.3d at 14. Accordingly, appellant’s sole issue is overruled.
Conclusion
          We affirm the judgment of the trial court.
                                                                    
 
Laura Carter Higley
Justice
 
Panel consists of Justices Jennings, Higley, and Sharp.
 
Do not publish. See Tex. R. App. P. 47.2(b).