MEMORANDUM OPINION

 

No. 04-10-00307-CR

 

Gary Lynn PATTON,

Appellant

 

v.

 

The STATE of
Texas,

Appellee

 

From the County Court
at Law No. 5, Bexar County, Texas

Trial Court No. 249367

The Honorable Linda
F. Penn, Judge Presiding

 

Opinion by:   Marialyn Barnard, Justice

 

Sitting:                     Sandee Bryan Marion, Justice

                     Rebecca
Simmons, Justice

                     Marialyn
Barnard, Justice

 

Delivered and
Filed:  February 16, 2011

 

AFFIRMED

 

After the trial court
denied his motion to suppress, appellant Gary Lynn Patton pled no contest to
the offense of driving while intoxicated (“DWI”).  Appellant was sentenced to
three days confinement in the Bexar County Jail and ordered to pay a $300 fine. 
On appeal, appellant first contends the trial court erred in denying his motion
to suppress because (1) the officer administering the horizontal gaze nystagmus
test (“HGN test”) was not qualified to do so under the Texas Administrative
Code, and (2) the HGN test was improperly administered by the officer because
the results were “medically impossible.”  Appellant also contends the trial
court erred in denying his motion to suppress the open containers of alcohol
found in his vehicle because they were the fruits of an unlawful, warrantless
search of his vehicle.  We affirm the trial court’s judgment.

Background

San Antonio Police Officer Thomas Patten testified at
the suppression hearing that he pulled appellant over because appellant was
speeding, he failed to signal a lane change, he was weaving in and out of his
lane, and he was straddling the lane markings.  When appellant rolled his
window down to speak with Officer Patten, Officer Patten noticed the vehicle
smelled like intoxicants, appellant’s eyes were watery and bloodshot, and there
was a red cooler on the front passenger side floorboard.  Appellant told Officer
Patten he drank one beer.  Officer Patten directed appellant to get out of the
vehicle to inquire about appellant’s reckless driving and possible DWI. 
Officer Patten then had appellant perform field sobriety tests to determine if
appellant was intoxicated.  

At the suppression hearing, Officer Patten testified
about the various field sobriety tests he performed on appellant.  Officer
Patten said appellant was unable to follow directions during the administration
of the HGN test, which lead to difficulty performing the test properly. 
Officer Patten explained appellant would look at the stimulus, look away, and
then look back at the stimulus.  Appellant also had a hard time keeping his
arms by his sides.  

Officer Patten testified that if the subject exhibits
two out of eight clues on the walk and turn test, then the subject
automatically fails the test and moves on to the next test; appellant exhibited
six out of eight clues.  Officer Patten then explained two out of four clues on
the one leg stand test indicates intoxication but if the subject puts his foot
down three or more times, it is automatically four clues.  Here, appellant
exhibited three clues but also put his foot down three times.  Finally, Officer
Patten testified that during appellant’s recitation of the alphabet, appellant
would become confused and could not explain why he was unable recite it even
though he admitted he understood the alphabet.  Officer Patten explained
appellant would keep stopping at “M N O P” and would say “H I J J K L L M N M N
O.”  Throughout the administration of these tests, Officer Patten noticed
appellant slurred his speech, had watery eyes and a flushed appearance,
appeared confused, and smelled of intoxicants.  Officer Patten also testified
that appellant admitted to drinking one beer before driving.

After the field sobriety tests, Officer Patten
arrested appellant for driving while intoxicated and searched his vehicle. 
During the search of appellant’s vehicle, Officer Patten found an open bottle
of liquor and an open can of beer.  Officer Patten testified the open can of
beer was within appellant’s reach while he was in the driver’s seat.  Officer
Patten also found beer in the red cooler that was on the front passenger side
floorboard.  

The trial court denied appellant’s motion to suppress
both the results of the HGN test and the open containers.  Appellant
subsequently pled no contest.  Appellant perfected this appeal.

Based on Officer Patten’s testimony at the
suppression hearing, the trial court entered the following findings of facts: 

•       Officer Patten detected the smell of intoxicants
coming from inside the vehicle.

 

•       Officer Patten noticed appellant had bloodshot eyes.

 

•       A red cooler was in plain view on the front right
floorboard.

 

•       Appellant admitted to drinking one beer.

 

•       Officer Patten had appellant perform the HGN test;
appellant turned his head and could not focus on the stimulus.

 

•       Officer Patten had appellant perform Walk and Turn
test; appellant exhibited six out of eight clues.

 

•       Officer Patten had appellant perform the One Leg
Stand test; appellant exhibited three out of four clues.

 

•       Officer Patten asked appellant to recite the
alphabet; appellant was unable to do so correctly.

 

Analysis

 

A trial court’s ruling on a motion to suppress is
reviewed under a bifurcated standard.  St. George v. State, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007).  A
reviewing court will first give “almost total deference to a trial court’s
determination of historical facts,” and secondly, review the trial court’s
application of the law de novo.  Carmouche v. State, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000) (quoting Guzman
v. State, 955 S.W.2d 85 (Tex. Crim.
App. 1997)).  “[T]he trial judge is the sole trier of fact and judge of
credibility of the witnesses and the weight to be given to their testimony.”  St.
George, 237 S.W.3d at 725.  If the trial court makes explicit findings of fact,
it must be determined whether the evidence, when viewed in the light most
favorable to the trial court’s ruling, supports those findings.  State
v. Kelly, 204 S.W.3d 808, 818 (Tex.
Crim. App. 2006).  A trial court’s legal ruling is reviewed de novo unless its
fact findings, which are supported by the record, are dispositive of the legal
ruling.  Id.  A trial
court’s ruling on a motion to suppress will be upheld if there is any valid
theory of law applicable to the case, even if the trial court did not base its
decision on that theory.  State v. Steelman, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002).

HGN Test

In his first and second points of error, appellant
argues the trial court erred in denying his motion to suppress because Officer
Patten was not qualified to administer the HGN test and the test
was improperly administered because the results were “medically impossible.” 
Appellant also argues that Officer Patten was not qualified, as an expert, to
testify as to administration and technique of the HGN test.

Appellant
contends Officer Patten was not qualified to administer the HGN or testify to
its results because Officer Patten had not been re-certified, under the Texas
Administrative Code, to perform field sobriety tests when appellant was
stopped.  See 37 Tex. Admin. Code
§ 221.9 (2009) (Tex. Comm’n on Law Enforcement Officer Standards & Educ.,
Standardized Field Sobriety Testing Practitioner (“SFST”)).  The Texas
Administrative Code specifies that for an officer to qualify for an SFST
certificate, the officer must complete the SFST course offered by the National
Highway Traffic Safety Administration’s (“NHTSA”) as well as an update course
within the past twenty-four months.  Id.

We
will first address whether Officer Patten was qualified to administer the test
and testify to its results.  Under the Texas Rules of Evidence, “[i]f
scientific, technical, or other specialized knowledge will assist the trier of
fact to understand the evidence or to determine a fact in issue, a witness
qualified as an expert by knowledge, skill, experience, training, or education
may testify thereto in the form of an opinion or otherwise.”  Tex. R. Evid. 702.  It has been
determined that because HGN testing is novel scientific evidence, the
testifying witness must be qualified as an expert on the administration and
technique of the test.  Emerson v. State, 880 S.W.2d 759, 763, 769 (Tex.
Crim. App. 1994).  Although appellant is correct in stating that certification
is proof an officer is qualified to administer the HGN test and to testify, see
id. at 769, a certificate is not the only means by which an officer may be
qualified.  Ellis v. State, 86 S.W.3d 759, 761 (Tex. App.—Waco 2002,
pet. ref’d).  “If it is shown that the officer has extensive training in
administering the HGN test, has been certified through a training course
specifically including the administration of the HGN test, and has extensive
experience in administering the HGN test, the trial court does not abuse its
discretion in allowing the officer to testify as an expert on the
administration and technique of the test.”  Id. at 761; see also Kerr
v. State, 921 S.W.2d 498, 502 (Tex. App.—Fort Worth 1996, no pet.) (“[W]e
do not interpret . . . Emerson to require that an expert must be
certified by the State of Texas before his testimony on the subject of an HGN
test will be admissible.”).  

At
the suppression hearing, Officer Patten testified he had been at the University
of Texas at San Antonio Police Department for four years before he joined the
Selma Police Department in 1999.  Officer Patten then joined the San Antonio
Police Department in 2002.  That same year, Officer Patten graduated from the
SAPD Academy.  Officer Patten obtained his SFST certificate originally in 1999,
and he also took a refresher course in 2003 as well as 2009, subsequent to the
stop in question.  Officer Patten received the standardized training for the
proper administration of the HGN.  Officer Patten also testified that he had
performed the HGN test “hundreds” of times.

           We hold
the trial court did not abuse its discretion by denying appellant’s motion to
suppress Officer Patten’s testimony because Officer Patten was qualified to
both administer the test and testify to its results. 

As
for appellant’s argument that the HGN test should be suppressed because the
results were “medically impossible,” we must analyze the administration of the
test.  HGN testing is considered novel scientific evidence which is subject to
the requirements of Kelly.  Emerson, 880 S.W.2d at 763 (citing Kelly
v. State, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992)).  Under Kelly,
scientific evidence is reliable if: (1) the underlying scientific theory is
valid; (2) the technique applying the theory is valid; and (3) the technique
was applied properly on the occasion in question.  Kelly, 824 S.W.2d at
573.  In Emerson, the court of criminal appeals took judicial notice
that HGN testing satisfies prong one and prong two of Kelly.  Emerson,
880 S.W.2d at 768-69.  In order to determine the third prong, a court must
examine the record to determine if the HGN technique was properly applied on
the occasion in question.  Id. at 769. While administering the HGN test,
the officer must follow the procedures outlined in the DWI detection manual
published by the NHTSA.  Id. at 768.

Officer
Patten explained the NHSTA requires the subject to stand with their feet
together and arms to their side.  While standing, the subject must track the
blue stimulus without moving their head.  An officer must pass each eye twice
while looking for lack of smooth pursuit, distinct and sustained nystagmus at
maximum deviation, and nystagmus onset prior to forty-five degrees.  Each pass
with the eye should be two seconds out and then two seconds in and when the
stimulus is at forty-five degrees, the stimulus must be held for a minimum of
four seconds.  While reviewing the videotape of the stop, Officer Patten stated
one of the passes looked “kind of short” and that it was maybe three seconds.  Officer Patten then stated there are
three clues for each eye for a total of six clues.  Appellant exhibited three
clues in the right eye and one clue in the left eye.  Officer Patten reasoned
that because appellant had difficulty following the stimulus, he did not mark
that appellant exhibited the other two clues.  

Many
courts have held that slight variations in administration do not affect the
reliability or admissibility of the HGN test, but only affect the weight to be
given to the testimony.  See Plouff v. State, 192 S.W.3d 213, 221 (Tex.
App.—Houston [14th Dist.] 2006, no pet.) (“[I]t would be unreasonable to
conclude that any variation in administering the tests, no matter how slight,
could automatically undermine the admissibility of an individual’s performance
of the tests.”); Compton v. State, 120 S.W.3d 375, 379 (Tex.
App.—Texarkana 2003, pet. ref’d) (“Any variation in the time taken to
appropriately position the eyes would have no effect on the reliability of [the
HGN] test and cannot form the basis for excluding the results from the evidence
presented at trial.”).  Here, Officer Patten may have only held the stimulus
for three seconds instead of four, but it was within the trial court’s
discretion to find that any deviation committed by Officer Patten during
administration of the HGN test was slight and did not affect the reliability
and admissibility of the results.

Open Container

In his third point of error, appellant contends the
trial court erred in denying his motion to suppress the open containers of
alcohol found in his vehicle because they were the fruits of an unlawful,
warrantless search of his vehicle.  More specifically, appellant argues Officer
Patten violated his Fourth Amendment rights.  

Both the United States and the Texas Constitutions
protect citizens from unreasonable search and seizures.  See U.S. Const. amend. IV; Tex.
Const. art. 1, § 9.  The United States Supreme Court, in Katz
v. United States, held that
warrantless searches are per se unreasonable without a specifically established exception.  389 U.S.
347, 357 (1967); see also
Kelly v. State, 669
S.W.2d 720, 725 (Tex. Crim. App. 1984), cert. denied 469 U.S. 963 (1984) (recognizing that “a search
conducted without a warrant issued on probable cause is per se unreasonable and that the warrant requirement is
subject only to a few well-delineated exceptions.” (citing Katz, 389 U.S. at 357)).  “[I]f police have probable
cause coupled with an exigent circumstance, or they have obtained voluntary
consent, or they conduct a search incident to a lawful arrest, the Fourth
Amendment will tolerate a warrantless search.”  Gutierrez v.
State, 221 S.W.3d 680, 685 (Tex. Crim.
App. 2007) (citing McGee v. State, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003)).

When
a police officer makes a lawful custodial arrest of a recent automobile
occupant, that officer may then search the passenger compartment as a search
incident to arrest.  New York v. Belton, 453 U.S. 454, 460 (1981); see
also State v. Ballard, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999)
(“Once an officer has probable cause to arrest, he may search the passenger
compartment of a vehicle as a search incident to that arrest.”).  But, before
an officer is allowed to search the vehicle, the officer must have probable
cause to make a warrantless arrest of the occupant.  Ballard, 987 S.W.2d
at 892.

The
search of appellant’s vehicle was valid because Officer Patten had probable
cause to arrest appellant for driving while intoxicated.  As discussed above,
appellant not only failed numerous field sobriety tests, but his eyes were
bloodshot and watery, he was slurring his words, and the smell of intoxicants
emanated from his vehicle.  This is sufficient evidence for probable cause to
make a warrantless arrest for driving while intoxicated.  Because Officer
Patten had probable cause to arrest appellant, he was justified in searching
appellant’s car incident to appellant’s arrest. 

Appellant contends Officer Patten was not justified
in searching appellant’s car because he was secured in the back of Officer
Patten’s vehicle and was not within reaching distance of the car.  Appellant
cites to Arizona v. Gant and Chimel
v. California for this proposition.  Arizona
v. Gant, 129 S. Ct. 1710 (2009); Chimel
v. California, 395 U.S. 383 (1969). 
Although the Supreme Court held an officer may not search an arrestee’s vehicle
if the arrestee is secured and cannot reach the passenger compartment of the vehicle,
appellant fails to consider the Court’s exception.  See Gant, 129 S. Ct. at 1714.  The Court explained that
“circumstances unique to the vehicle context justify a search incident to a
lawful arrest when it is ‘reasonable to believe evidence relevant to the crime
of arrest might be found in the vehicle.’”  Id. at 1719 (quoting Thornton v. United States, 541 U.S. 615, 632 (2004) (Scalia, J., concurring in
judgment)).  “[T]he offense of the arrest will supply a basis for searching the
passenger compartment of an arrestee’s vehicle and any containers therein.”  Id.  

It is undisputed that appellant was secured in the
back of Officer Patten’s police vehicle when Officer Patten conducted the
search incident to arrest of appellant’s car.  Appellant was arrested for
driving while intoxicated, and Officer Patten testified that the vehicle
smelled like intoxicants and a red cooler was on the passenger side of
appellant’s car.  It was reasonable for Officer Patten to believe evidence
related to the offense for which appellant was arrested would be in the
vehicle.  See Surredin v.
State, 165 S.W.3d 751, 753 (Tex.
App.—San Antonio 2005, no pet.) (“Evidence of the open container would have
been admissible . . . because it tended to make it more probable that Surredin
was intoxicated at the time he drove since the open container was evidence that
he consumed alcohol.”).  Therefore, the search of the passenger compartment of
appellant’s car was a valid search incident to arrest.

The trial court did not err when it denied
appellant’s motion to suppress the open containers.  Accordingly, we overrule
appellant’s third point of error.

Conclusion

Based on the
foregoing, the judgment of the trial court is affirmed.

Marialyn Barnard, Justice

 

 

Do Not Publish